UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, | ) ) ) |
| Plaintiff, | ) ) ) Civil Action No. 4:22-cv-536 |
| v. | ) ) |
| A TOUCH OF LOVE, INC., and SHIRLEY NORTON, individually, | ) ) ) |
| Defendants. | ) ) ） |

# COMPLAINT

Plaintiff brings this action to enjoin Defendants from violating the provisions of section 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq*.), hereinafter called the Act, pursuant to section 17 of the Act; and to recover unpaid overtime compensation owing for Defendants' employees, together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

I

Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act, and by 28 U.S.C. § 1345.

II

Defendant A Touch of Love, Inc., is a corporation with its principal place of business located at 3704 NW Briarwood Drive, in Blue Springs, Missouri 64015, within the jurisdiction of this Court.

III

Upon information and belief, Defendant Shirley Norton resides at 3704 NW Briarwood Drive, in Blue Springs, Missouri 64015, within the jurisdiction of this Court; is owner of Defendant A Touch of Love, Inc.; and acts directly or indirectly in the interest of Defendant A Touch of Love, Inc., in relation to its employees.

IV

The activities of Defendants referred to in paragraphs II through III were, and are, related and performed through unified operation or common control for a common business purpose, and have, since February 9, 2019, constituted an enterprise within the meaning of section 3(r) of the Act.

V

Since February 9, 2019, Defendants at all times hereinafter mentioned were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has and had an annual gross volume of sales made or business done of not less than $500,000.

VI

Defendants are, and at all times hereinafter mentioned were, employing employees in and about their places of business in domestic service employment, within the meaning of section 2(a) of the Act. Section 2(a) states in pertinent part, "Congress . . . finds that the employment of persons in domestic service in households affects commerce." 29 U.S.C. § 202(a). Defendants'

employees provide in-home care for people with disabilities. This work qualifies as domestic service work and, accordingly, the employees at issue were engaged in commerce.

VII

Defendants A Touch of Love, Inc., and Shirley Norton have violated and are violating the provisions of sections 7 and 15(a)(2) of the Act by employing certain employees engaged in commerce, in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer than forty hours since February 9, 2019, without compensating said employees for their employment in excess of forty hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed.

VIII

Defendants A Touch of Love, Inc., and Shirley Norton have violated and are violating the provisions of sections 11(c) and 15(a)(5) of the Act, in that since February 9, 2019, Defendants have failed to make, keep, and preserve adequate and accurate records of Defendants' employees and of the wages, hours, and other working conditions and practices of employment maintained by Defendants, as prescribed by the regulations (29 Code of Federal Regulations Part 516) promulgated pursuant to section 11(c) of the Act, in that the records kept by Defendants failed to accurately show, among other things, the hours worked each work day and each workweek, with respect to certain of Defendants' employees.

IX

Defendants A Touch of Love, Inc., and Shirley Norton have willfully and repeatedly violated and are violating the provisions of the Act as alleged in paragraphs VII through VIII above. A judgment permanently enjoining and restraining the violations herein alleged,

including the restraint of the continued withholding of unpaid overtime compensation due Defendants' employees, is specifically authorized by section 17 of the Act.

X

As a result of the violations alleged in paragraphs VII, VIII, and IX above, amounts are owing for certain present and former employees for the period from February 9, 2019, to February 8, 2021, including those persons specifically named in Appendix A attached to Plaintiff's complaint.

A judgment granting recovery of said amounts, together with an equal additional amount as liquidated damages, is specifically authorized by section 16(c) of the Act.

WHEREFORE, cause having been shown:

Plaintiff prays judgment, pursuant to section 17 of the Act, permanently enjoining and restraining Defendants, Defendants' officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of sections 15(a)(2) and 15(a)(5) of the Act.

Plaintiff further demands judgment of $64,562.63, pursuant to section 16(c) of the Act, against Defendants for the period February 9, 2019, to February 8, 2021, together with an equal additional amount as liquidated damages.

Should the Court decline to award said liquidated damages, Plaintiff further demands the award of interest on said unpaid amounts from the date said unpaid amounts became due, until date of judgment.

Seema Nanda
Solicitor of Labor

Christine Z. Heri
Regional Solicitor

Evert H. Van Wijk
Associate Regional Solicitor

<u>/s/ Traci Martin</u>
Trial Attorney
MO Bar #59796

2300 Main Street, Suite 10100
Kansas City, MO 64108
(816) 285-7272
(816) 285-7287 (fax)
martin.traci.e@dol.gov

*U.S. Department of Labor*
*Attorneys for Plaintiff Secretary of Labor*

**EXHIBIT A**

1. Marilyn Barksdale
2. Iassiah Bartley
3. Alicia Bryant
4. Melvin Bryant
5. Arletha Cal
6. Bessie Canady
7. Marquice Davis
8. Devin Drew Jr.
9. Devin Drew Sr.
10. Sharon Dzula
11. Richard Hannagan
12. Charleszette Hurd
13. Charonda Lawton
14. CaSondra Malone
15. Tracy Mays
16. Keith McFarlane
17. Chesla Mitchell
18. Mohamdei Mohamdei
19. Melvin Nicholson
20. Derrica Session
21. Marlow L. Simmons
22. Maryam Simmons (Gueye)
23. Sarah Thompson
24. Keola Williams
25. James Wolf
26. Joyell Wroten